
DA 10-0626

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 163N

IN RE THE MARRIAGE OF:

JOSEPH P. JAM,

        Petitioner and Appellant,

   and

KAREN K. JAM,

        Respondent and Appellee

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-10-073(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Peter F. Carroll, Attorney at Law, Kalispell, Montana

       For Appellee:

          Katherine P. Maxwell, Attorney at Law, Kalispell, Montana

                Submitted on Briefs:  June 8, 2011

                        Decided:  July 11, 2011

Filed:

                         _____
                                 Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joseph Jam (Joseph) appeals the portion of the Findings of Fact, Conclusions of Law, and Order of the Eleventh Judicial District Court, Flathead County, distributing the marital estate. Karen Jam (Karen) did not file an appellee brief and did not oppose Joseph's motion that we consider this appeal as submitted on appellant's brief alone. We granted Joseph's motion and we now affirm.

¶3 Joseph and Karen were married on September 5, 1978, in Idaho. They had two children together, both of whom were adults at the time of dissolution. In September 2005, Joseph and Karen separated when Karen became involved with another man. Sometime after that relationship ended, Karen relocated to Arizona where she resided until April 2010, at which point she returned to live in Montana. During the time Karen lived in Arizona, Joseph and Karen maintained a relationship evidenced by: maintenance of a joint checking account; vacationing together in Mexico; traveling to visit one another; filing joint tax returns as married; and discussions of reconciliation. Joseph and Karen's long distance marital relationship ended in December 2009 when Joseph notified Karen he was involved with another woman and that his marriage to Karen was over. Joseph filed a petition for dissolution of marriage on February 3, 2010.

¶4 During the dissolution process, Joseph and Karen agreed on the division of personal property; they disagreed as to the distribution of the rest of the marital estate, which consisted of the marital home, Joseph's pension benefits and 401(K) plan, and a small Roth IRA. Karen also sought maintenance payments from Joseph, arguing that due to her present physical and mental conditions she no longer has the ability to seek or maintain employment. Shortly after Joseph petitioned for dissolution, Karen applied for Social Security Disability. At the time of trial, Karen's application was pending.

¶5 Pursuant to § 40-4-202, MCA, a district court has broad discretion to apportion a marital estate. *In re Marriage of Bartsch*, 2007 MT 136, ¶ 9, 337 Mont. 386, 162 P.3d 72. We initially review a district court's division of marital property to determine whether the court's findings of fact are clearly erroneous. *Arnold v. Sullivan*, 2010 MT 30, ¶ 17, 355 Mont. 177, 226 P.3d 594. A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court has misapprehended the evidence, or if a review of the record leaves us with the definite and firm conviction that a mistake has been committed. *In re Marriage of Hart*, 2011 MT 102, ¶ 10, 360 Mont. 308, ___ P.3d ___. Absent clearly erroneous findings, we affirm a district court's distribution of marital property unless the court abused its discretion. *In re Marriage of Pospisil*, 2000 MT 132, ¶ 19, 299 Mont. 527, 1 P.3d 364. The test for abuse of discretion is whether the district court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice. *Id*. We review a district court's conclusions of law for correctness. *Hart*, ¶ 10.

¶6     On appeal, the appellant has the burden to present legal authority that establishes error on the part of the district court. *State v. Morris*, 2010 MT 259, ¶ 16, 358 Mont. 307, 245 P.3d 512 (citation omitted). Joseph has failed to demonstrate either that the District Court's findings are clearly erroneous or that the District Court abused its discretion. Our review of the record indicates that there was substantial credible evidence to support the District Court's findings of fact that the proper date for distribution of the marital estate was the date of dissolution and that Karen was entitled to receive a disproportionate share of the marital estate in lieu of an award of maintenance.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed Joseph's brief and the record on appeal, we conclude he has not met his burden of persuasion.

¶8     Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS